FARYAN ANDREW AFIFI (SBN 167344)
NIKI KALANTARI (SBN 346913)
AFIFI LAW GROUP
525 Colorado Avenue
Santa Monica, CA 90401
Tel: (310) 407-3000
Fax: (310) 407-3004
Email: faryan@afifilaw.com

Attorneys for Plaintiff,
MUZIK INC., a Delaware Corporation

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MUZIK INC., a Delaware Corporation, | CASE NO. |
| Plaintiff, | **COMPLAINT FOR:** |
| v. | 1. PATENT INFRINGEMENT (35 U.S.C. § 271); |
| ARCHETYPE 888, LLC, a Wyoming limited liability company; JASON HARDI, an individual; and DOES 1-100, | 2. DECLARATORY JUDGMENT OF PATENT OWNERSHIP (28 U.S.C. § 2201); |
| Defendants. | 3. UNFAIR COMPETITION UNDER FEDERAL LAW (15 U.S.C. § 1125(a)); |
| | 4. UNFAIR BUSINESS PRACTICES UNDER CAL. BUS. & PROF. CODE § 17200. |

Plaintiff, MUZIK INC., a Delaware Corporation ("Plaintiff") alleges as follows:

**COMPLAINT**

### THE PARTIES

1.    Plaintiff, MUZIK INC., ("MUZIK" or "Plaintiff") is a Delaware Corporation with its principal place of business in the City and County of Los Angeles, California.

2.    Plaintiff is informed and believes that Defendant, ARCHETYPE 888, LLC ("ARCHETYPE"), is a Wyoming limited liability company, duly formed and conducting business under the laws of the State of Wyoming, with its principal place of business in Wyoming.

3.    Plaintiff is informed and believes that Defendant, JASON HARDI ("HARDI"), is an individual, over the age of eighteen and a resident of North Carolina, as well as the president and shareholder of Defendant ARCHETYPE.

4.    Plaintiff is ignorant of the true names and capacities of defendants sued herein as DOES 1 through 100 inclusive, and therefore sue such defendants by such fictitious names.  Plaintiff is informed and believes, alleging thereon, that each of said DOE defendant is in some manner responsible for the damages, breaches, and tortious acts alleged and claimed herein, are agents, employers, employees, assigns, assignees, contractors, superiors or otherwise related to other defendants or other individuals who may be liable to Plaintiff, and when the true names, identities and capacities of said defendants are ascertained, Plaintiff will amend this complaint to allege the same.

5.    Plaintiff alleges on information and belief that each of the defendants herein, at all relevant times herein were and still are the agents, employees, or representatives of each of the other defendants, and at all times mentioned in this complaint, were acting within the scope of such agency, employment or representative capacity.   Plaintiff alleges further on information and belief that there exists, and at all times herein mentioned there existed, a unity of interest and ownership between defendants, such that any individuality and separateness between said corporate or company defendants have ceased, that adherence to the fiction of the separate existence of the defendants would permit an abuse of the company privilege, would

-2-

**COMPLAINT**

1    sanction fraud and promote injustice, and would unfairly limit Plaintiff's recovery
2    solely to the assets of the business entities, and that the individual defendants are the
3    alter egos of the companies named herein, that the corporate structure was not properly
4    maintained, and/or there existed a unity of financial interest between the
5    corporation/companies and the individuals, thereby warranting the piercing of the
6    company veil which unfairly and unjustly shrouds the company defendants.

7                                    JURISDICTION AND VENUE

8        6.       This Court has subject matter jurisdiction over this action under 28 U.S.C.
9    § 1331 and § 1338(a) because this action arises under federal patent law.  In relevant
10   part, 28 U.S.C. Section 1338(a) provides:

11           "The district courts shall have original jurisdiction of any civil action arising
12           under any Act of Congress relating to patents... No State court shall have
13           jurisdiction over any claim for relief arising under any Act of Congress relating
14           to patents."

15       7.       Plaintiff's First Cause of Action alleges patent infringement under 35
16   U.S.C. § 271(a), whereby each defendant " …without authority makes, uses, offers to
17   sell, or sells any patented invention, within the United States or imports into the United
18   States any patented invention during the term of the patent therefor, infringes the
19   patent." *Id.*

20       8.       Plaintiff alleges that defendants have, without authorization, made use of
21   the patented invention, and offered to transfer it, and/or sell or license it to third parties
22   under the guise of ownership—acts that fall squarely within the scope of conduct
23   prohibited under § 271(a). Accordingly, federal jurisdiction is proper and exclusive in
24   this Court.

25       9.       This Court has supplemental jurisdiction over any ancillary claims under
26   28 U.S.C. § 1367 for claims that arise from the same set of facts and "form part of the
27   same case or controversy."

28       10.      This Court also has diversity jurisdiction under 28 U.S.C. § 1332(a)

1  because this is a civil action between citizens of different states, and the amount in

2  controversy exceeds $75,000, exclusive of interest and costs.

3      11.   Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and

4  §1400(b) because a substantial part of the events giving rise to the claims occurred in

5  this District.   MUZIK has its headquarters and principal place of business in Los

6  Angeles, California, which is also the location where MUZIK holds and transacts

7  business concerning its intellectual property portfolio.  In addition, the petition for

8  bankruptcy of MUZIK was filed and processed in this District, the bankruptcy

9  Disclosure Statement and Plan of Reorganization (the "Plan") was filed and approved

10 in this District, the Plan described MUZIK working with various intellectual property

11 professionals who are located in this District who were and remain engaged in the

12 process of valuing MUZIK's intellectual property portfolio for licensing and

13 investment and funding of MUZIK, which following the Plan was paid by investors

14 located in this District to MUZIK"s bank accounts held in this District, MUZIK

15 conducts its board meetings out of this District where two of its board members reside,

16 and Defendant HARDI directed the wrongful conduct into this District by submitting

17 unauthorized documentation to MUZIK's California patent attorneys infringing on

18 MUZIK's patent rights held in this District.

19              <u>FACTS COMMON TO ALL CAUSES OF ACTION</u>

20     12.   MUZIK is a company that owns a variety of intellectual property

21 including patents and trademarks in the audio and headphone markets, and is engaged

22 in the business of commercializing its proprietary technology and intellectual property

23 through several potential avenues, including through a licensing-based model.

24     13.   Defendant HARDI founded and was a principal of MUZIK in or about

25 2012, after which MUZIK developed various inventions and HARDI used such

26 inventions to engage in fundraising for MUZIK, which led to MUZIK being based in

27 Los Angeles, California where it interacted with its music industry contacts and

28 investors.

**COMPLAINT**

14.    MUZIK's principal office had been located at 9200–9220 Sunset Boulevard, Suite 112, West Hollywood, CA 90069, until approximately January 2020. Following COVID-related shutdowns, MUZIK transitioned to fully remote operations, maintaining a virtual business address at 1800 N. Vine Street, Los Angeles, CA 90028.

15.    Over the years, MUZIK had built a portfolio of intellectual property which HARDI leveraged to raise money and investment for the company, however, due to mismanagement and other factors, the Company had cashflow problems and faced financial difficulties in 2023.

16.    In or about September 2023, MUZIK filed for Chapter 11 bankruptcy in the U.S. Bankruptcy Court for the Central District of California, Case No, 2:23-bk-16304-VZ, following a conglomeration of financial distress stemming from COVID-related disruptions, litigation with a former employee, and other financial challenges. At the conclusion of the bankruptcy, the Plan emerged, and lenders provided financing for MUZIK pursuant to the Plan, with Tim Fyrst, MUZIK's current CEO and board member as its lead investor.

17.    On or about December 5, 2024, the board voted to appoint Tim Fyrst as Chief Executive Officer replacing HARDI.  Fyrst was and remains a member of its Board of Directors, and in 2025 HARDI who had previously been a board member was removed pursuant to the MUZIK corporate governance.

18.    Since emerging from bankruptcy in 2024, MUZIK's primary and most valuable asset has been its portfolio of intellectual property, including issued and pending U.S. patents valued in excess of $15 Million in 2024.

19.    Among its many other assets and patents, Plaintiff is also the lawful owner of the research, development and invention resulting in U.S. Patent No. 19/294,867, filed August 8, 2025. and entitled "AI TRUST MODULE CONTROLLING SENSOR ACCESS IN WEARABLE DEVICE" ("the Patent"), which covers proprietary sensor access control mechanisms in wearable audio/visual devices.

**COMPLAINT**

20.     That same day on August 8, 2025, Defendant HARDI who Plaintiff understands was the inventor using MUZIK's resources, executed a written assignment transferring all rights, title, and interest in the Patent to MUZIK as part of his official duties. The assignment was recorded with the United States Patent and Trademark Office ("USPTO") such that the Patent was, and at all times remained owned by MUZIK.

21.     Plaintiff is informed and believes that thereafter, Defendants HARDI and ARCHETYPE engaged in activities which infringed on and violated Plaintiff's rights to the Patent, including:

(a) Purporting to act as the assignee and owner of the Patent without authorization;

(b) Submitting and attempting to record a false assignment of the Patent from MUZIK to ARCHETYPE on or about September 25, 2025, signed by HARDI without the right or authority to do so, and in the process attempting to sell or transfer the Patent to ARCHETYPE in exchange for equity;

(c)     Offering to sell the Patent to ARCHETYPE and offering interests in ARCHETYPE to third parties and investors; and

(d)     Raising financing for ARCHETYPE on the strength of the use and ownership of the Patent.

22.     The above acts, and others engaged in by ARTHETYPE and by HARDI constitute infringement of Plaintiff's Patent and its rights to the Patent.

23.     Following HARDI's removal as CEO, MUZIK discovered the above activities in or about late September 2025.

24.     On or about November 17, 2025, due to various other misconduct and the failure to consult the Board on material transactions, as well as the infringement to its intellectual property, MUZIK's qualified shareholders voted to remove HARDI as a Director.

25.     On or about November 24, 2025, MUZIK's legal counsel, based in Los

Angeles, California, sent a formal demand letter to HARDI's counsel, requesting immediate correction of the unauthorized actions and infringement of the Patent.

26.     HARDI's conduct also constituted a breach of his fiduciary duty to MUZIK and unauthorized conversion of a valuable company asset. ARCHETYPE never contributed to the invention and had no agreement with MUZIK to receive any rights to the Patent, such that its use of the Patent constitutes infringement of MUZIK's legal rights.

27.     Upon further investigation, MUZIK determined that HARDI recorded documents with the USPTO purporting to name ARCHETYPE as an owner of the Patent, resulting in impairment of MUZIK's title and ability to commercialize the invention.

28.     As of the filing of this Complaint, neither HARDI nor ARCHETYPE has corrected the recordation or infringement of the Patent to MUZIK, and Plaintiff is informed and believes that ARCHETYPE continues to use, sell, and financially benefit as the alleged owner of the Patent without right or license.

29.     Plaintiff alleges upon information and belief, that Defendants HARDI and ARCHETYPE have directly infringed the Patent in violation of 35 U.S.C. § 271(a) by using, offering to license or sell, or otherwise commercializing or exploiting the invention claimed in the Patent within the United States without authorization. This includes, but is not limited to, the sale of the Patent to ARCHETYPE in exchange for ownership interest in the company, communications with potential investors and licensees, attempts to assert ownership over the Patent, and offering the patented invention or technology for commercial benefit on behalf of ARCHETYPE.

30.     These infringing acts have caused and continue to cause irreparable harm to MUZIK's business model, licensing opportunities, and control over its core intellectual property asset, the Patent, which infringement is valued in excess of $200,000.

**COMPLAINT**

1

2

3

<u>FIRST CAUSE OF ACTION</u>

<u>PATENT INFRINGEMENT (35 U.S.C. § 271)</u>

(Against All Defendants)

4      31.    Plaintiff hereby incorporates paragraphs 1 through 30 of this complaint,

5   as though again stated in full.

6      32.    At all times relevant herein, Plaintiff MUZIK has been and remains the

7   lawful owner and assignee of all rights, title, and interest in the Patent.

8      33.    By engaging in the acts and conduct alleged above, defendants

9   ARCHETYPE and HARDI have infringed MUZIK's Patent, and its patent rights and

10  ownership rights to the Patent.

11     34.    Despite MUZIK's exclusive ownership rights, Defendants HARDI and

12  ARCHETYPE have directly infringed, and continue to infringe, the Patent in violation

13  of 35 U.S.C. § 271(a), without authority or license from MUZIK by using the patented

14  invention in connection with commercial discussions or demonstrations; offering to

15  sell or license the patented invention to third parties under ARCHETYPE's name,

16  engaging in communications with MUZIK's patent counsel, vendors, or investors that

17  purport to exercise ownership rights over the Patent; attempting to reassign,

18  sublicense, or otherwise dispose of the Patent for their own benefit; and holding out

19  ARCHETYPE as the rightful owner of the Patent in commercial and legal documents.

20     35.    Such acts of infringement are not isolated or accidental. Rather, they

21  reflect a knowing and willful disregard for MUZIK's exclusive patent rights.

22  Defendants' actions have caused and will continue to cause irreparable harm to

23  MUZIK, including loss of licensing opportunities, damage to investor relationships,

24  and impaired ability to control its intellectual property portfolio.

25     36.    MUZIK did not authorize, consent to, or ratify any of the acts described

26  above. Defendants' actions were undertaken independently and contrary to the express

27  terms of the Patent assignment and MUZIK's internal governance.

28     37.    As a direct and proximate result of Defendants' infringement, MUZIK

has suffered and continues to suffer damages in an amount to be proven at trial, including lost revenue, diminished patent value, and reputational harm, but at least in the amount of $200,000.

38.    Unless enjoined by this Court, Defendants will continue to infringe the Patent and cause MUZIK ongoing and irreparable harm for which there is no adequate remedy at law.

39.    Accordingly, MUZIK respectfully requests that this Court enter judgment against Defendants HARDI and ARCHETYPE for infringement under 35 U.S.C. § 271, and issue all appropriate relief including but not limited to: (a) an injunction preventing further use, license, or misrepresentation of the Patent; (b) damages adequate to compensate MUZIK for the infringement; and (c) enhanced damages based on the willful nature of the infringement pursuant to 35 U.S.C. § 284, and (d) prevailing party attorneys' fees under 35 U.S.C. § 285 because this case constitutes an exceptional matter under the standards of *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, because of the weak nature of Defendants' position and their failure to relent their position in spite of written demand therefore.

## SECOND CAUSE OF ACTION

## DECLARATORY JUDGMENT OF PATENT OWNERSHIP (28 U.S.C. § 2201)

(Against All Defendants)

40.    Plaintiff hereby incorporates paragraphs 1 through 30 and 32 through 39 of this complaint, as though again stated in full.

41.    An actual, present, and justiciable controversy exists between Plaintiff MUZIK, Inc. and Defendants HARDI and ARCHETYPE concerning the rightful ownership of the Patent.

42.    The Patent belongs to MUZIK, was properly assigned to MUZIK, the rightful owner, and since that assignment, Defendants have engaged in activity and conduct whereby they claim some right, title or ownership in the Patent. Such activity

-9-

of Defendants includes a reassignment which was invalid, without the knowledge or consent of the MUZIK board of directors and a nullity.

43.   Plaintiff believes that Defendants have no right or proper claim to the Patent, and have no right to use, commercialize or otherwise utilize the Patent for any purpose, and have so notified Defendants.  Notwithstanding this notice, Defendants continue their use and sale of the Patent, continue to claim ownership via an invalid reassignment, and thus a dispute has arisen and continues to exist between the parties as to such rights.

44.   Plaintiff MUZIK therefore seeks a declaratory judgment under 28 U.S.C. § 2201 and Federal Rule of Civil Procedure 57, establishing and confirming that MUZIK is the sole and exclusive owner of all rights, title, and interest in the Patent, Defendants HARDI and ARCHETYPE  have no right, title, interest, or license to the Patent; and that the September 25, 2025 assignment purporting to transfer the Patent from MUZIK to ARCHETYPE is null and void and of no legal effect.

45.   A declaratory judgment is necessary to resolve the uncertainty surrounding the Patent's ownership and to prevent further harm to MUZIK's business operations, investor relations, and licensing prospects.

<u>THIRD CAUSE OF ACTION</u>
<u>UNFAIR COMPETITION (15 U.S.C. § 1125(a))</u>
(Against All Defendants)

46.   Plaintiff hereby incorporates paragraphs 1 through 30 and 32 through 39 of this complaint, as though again stated in full.

47.   Defendants HARDI and ARCHETYPE, acting jointly and individually, have made false and misleading representations in interstate commerce by purporting to be the rightful owners of the Patent, which is lawfully owned by Plaintiff MUZIK.

48.   These representations have been communicated to third parties including, without limitation, potential investors, commercial partners, and patent counsel, with

the intent of promoting ARCHETYPE's business and securing financing or commercial leverage based on control over the Patent.

49.    Defendants' conduct has the capacity to deceive and has in fact deceived a substantial segment of the relevant audience, including those who would otherwise engage in licensing, investment, or commercial transactions with MUZIK.

50.    The Defendants' claims of ownership are material to consumers and commercial stakeholders because they affect decisions regarding licensing rights, investment opportunities, and strategic relationships associated with the patented technology.

51.    These statements and conduct were made in interstate commerce and as part of Defendants' efforts to promote and advance their business interests in ARCHETYPE and related ventures.

52.    As a direct and proximate result of Defendants' acts of unfair competition, MUZIK has suffered injury to its business reputation, licensing prospects, and investor relations, and has incurred damages in an amount to be proven at trial.

53.    MUZIK has been harmed and continues to suffer actual and irreparable injury as a result of Defendants' conduct, including interference with potential licensing and financing transactions, reputational harm, confusion among commercial partners, and diversion of business opportunities.

54.    MUZIK is entitled to injunctive relief, restitution, and damages, including attorneys' fees and costs, pursuant to 15 U.S.C. § 1117 and other applicable law.

<u>FOURTH CAUSE OF ACTION</u>

<u>UNFAIR BUSINESS PRACTICES UNDER CAL. BUS. & PROF. CODE § 17200</u>

(Against All Defendants)

55.    Plaintiff hereby incorporates paragraphs 1 through 30 and 32 through 39 of this complaint, as though again stated in full.

56.    Defendants HARDI and ARCHETYPE have engaged in unlawful, unfair,

-11-

and fraudulent business practices in violation of California Business and Professions Code § 17200 et seq. ("UCL") by misrepresenting themselves as the rightful owners of the Patent, recording documents purporting to own the Patent with the United States Patent and Trademark Office, and using the Patent for commercial benefit without authority from Plaintiff MUZIK.

57.    These acts constitute "unlawful" conduct under the UCL because they violate federal patent law (35 U.S.C. § 271), involve knowing false representations and commercial exploitation of intellectual property without consent, and breach fiduciary duties owed by HARDI to MUZIK.

58.    The conduct is also "unfair" because it offends established public policy in California that protects intellectual property rights, and it is oppressive. Defendants' conduct has caused substantial harm to MUZIK by interfering with its ability to license and monetize the Patent, impeding business operations, and diverting commercial opportunities to a competing company falsely holding itself out as the patent owner

59.    As a direct and proximate result of Defendants' unlawful and unfair, practices, Plaintiff MUZIK has suffered economic injury in fact. Specifically, MUZIK has been deprived of control over a valuable company asset, has been forced to expend legal fees and resources to investigate and challenge the improper assignment, and has lost or been delayed in licensing and commercializing the Patent to qualified third parties.

60.    Plaintiff's economic injury is directly caused by the wrongful conduct of Defendants, as MUZIK would not have suffered these financial losses but for Defendants' acts of deception, unauthorized use, and public misrepresentation of ownership of the Patent.

61.    Plaintiff seeks restitution of all funds wrongfully obtained by Defendants as a result of their unfair business practices, disgorgement of profits, injunctive relief to prevent further misconduct, and any other relief the Court deems just and proper under California law.

WHEREFORE, Plaintiff prays for damages and other relief against defendants, and each of them as follows;

As to All Causes of Action:

1.      For damages in an amount to be proven at trial, but in no event less than the jurisdictional minimum of this court;

2.      For costs of suit incurred herein;

3.      For reasonable attorneys' fees pursuant to 35 U.S.C. § 285 in an amount to be determined by the court;

4.      For enhanced damages pursuant to 35 U.S.C. § 284 due to the willful and deliberate, and malicious conduct of the defendants;

5.      For pre-judgment and post-judgment interest as allowed by law;

6.      For such other and further relief as the court deems proper;

As to the First Cause of Action:

1.      For a judgment that Defendants have directly and willfully infringed U.S. Patent No. 19/294,867;

2.      For an injunction barring Defendants and their agents from further infringement of the Patent;

3.      For enhanced damages pursuant to 35 U.S.C. § 284 due to willful infringement;

As to the Second Cause of Action:

1.      For a judicial declaration that MUZIK INC. is the sole and rightful owner of U.S. Patent No. 19/294,867;

2.      For an order declaring the September 25, 2025 assignment of the Patent by Defendant HARDI to ARCHETYPE null and void;

3.      For injunctive relief preventing Defendants from asserting ownership or control over the Patent or taking further action before the USPTO inconsistent with Plaintiff's ownership;

As to the Third Cause of Action:

1.      For a finding that Defendants engaged in improper commercial conduct in violation of 15 U.S.C. § 1125(a);

2.      For injunctive relief prohibiting Defendants from further representing themselves as owners or licensees of the Patent in any commercial or promotional context;

3.      For disgorgement of all profits Defendants wrongfully derived from their false advertising and misuse of the Patent;

4.      For compensatory damages caused by Defendants' false representations, in an amount to be proven at trial;

5.      For treble damages under 15 U.S.C. § 1117(a) due to the willful nature of Defendants' conduct;

6.      For reasonable attorneys' fees based on the exceptional nature of this case;

As to the Fourth Cause of Action:

1.      For restitution and disgorgement of all monies and benefits Defendants wrongfully obtained as a result of their unlawful, unfair, and fraudulent business practices;

2.      For injunctive relief enjoining Defendants from continuing to engage in unfair competition and from further exploiting the Patent without authorization;

3.      For any other equitable relief this Court deems appropriate under California law, including the restoration of MUZIK's intellectual property rights free from interference.

DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff MUZIK

-14-

COMPLAINT

1 | INC. hereby demands a trial by jury on all issues raised in this complaint.

2

3 | Dated:        March 4, 2026              AFIFI LAW GROUP

4 |                                   By:_____/s/_____

5 |                                      FARYAN ANDREW AFIFI
                                         Attorneys for Plaintiff, MUZIK INC.
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**COMPLAINT**